FILED
**United States Court of Appeals**
**Tenth Circuit**

**April 21, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DONNA WASHINGTON,

    Plaintiff - Appellant,

v.

OKLAHOMA STATE DEPARTMENT
OF HUMAN SERVICES,

    Defendant - Appellee,

and

LATRESSA AVERY; ASHLEY
DUGGER; MARGARET EAGLER;
NACISKA GILMORE; CHARENE
NOWICKI; VANNESSA STINNETT;
TRINA STROUT; SCOTT WOODSON,

    Defendants.
_____

No. 19-5077
(D.C. No. 4:18-CV-00674-CVE-FHM)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BALDOCK**, and **KELLY**, Circuit Judges.
_____

_____

    [*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Donna Washington sued the Oklahoma Department of Human Services (OKDHS)[1] and a number of its employees under 42 U.S.C. § 1983, alleging they had violated her rights under the Fourth, Fifth, Ninth and Fourteenth Amendments during child welfare proceedings. As relevant to this appeal, the district court dismissed the claims against OKDHS, holding them barred by Eleventh Amendment immunity.[2] Ms. Washington appeals from that dismissal.

"[A]n assertion of Eleventh Amendment immunity concerns the subject matter jurisdiction of the district court . . . ." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002). We review de novo a dismissal under the Eleventh Amendment. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013). Because Ms. Washington is representing herself, we construe her filings liberally and hold them "to a less stringent standard" than attorney-drafted filings. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted).

---

[1] Ms. Washington asserts that the district court mistakenly understood her claims to be directed toward the District Court of Tulsa County, Oklahoma, rather than OKDHS. Ms. Washington misunderstands the district court's reference to the state court. Both the district court and this court are aware that Ms. Washington seeks to pursue claims against OKDHS.

[2] Ms. Washington confuses Eleventh Amendment immunity, which is available to the State and entities that qualify as an arm of the State, with qualified immunity, which is available to individuals who are employees of the State. Because Ms. Washington has appealed only from the judgment in favor of OKDHS, only Eleventh Amendment immunity is involved in this appeal.

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Although "[t]his language expressly encompasses only suits brought against a State by citizens of another state, . . . the Amendment bars suits against a State by citizens of that same State as well." *Papasan v. Allain*, 478 U.S. 265, 276 (1986). Eleventh Amendment immunity applies not only to a State, but also to an entity that qualifies as an arm of the State. *See Ruiz*, 299 F.3d at 1180; *Ambus v. Granite Bd. of Educ.*, 995 F.2d 992, 994 (10th Cir. 1993) (en banc).

The district court determined that OKDHS is an arm of the State of Oklahoma. Ms. Washington does not challenge that decision on appeal, but in any event, this court has recognized that OKDHS is entitled to Eleventh Amendment immunity. *See McKinney v. Okla., Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991).

As the district court noted, the Eleventh Amendment does not apply where Congress has abrogated the State's sovereign immunity or the State has waived its immunity. *See Ruiz*, 299 F.3d at 1181; *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1195 (10th Cir. 1998). To the extent that Ms. Washington argues for these exceptions,[3] neither applies here. It is well-established that Congress did not

---

[3] Ms. Washington cites the Federal Tort Claims Act (FTCA), but the FTCA waives sovereign immunity for the United States (the federal government), not for individual States. *See* 28 U.S.C. §§ 1346(b)(1), 2674. There is no support for Ms. Washington's assertion that OKDHS is a federal actor for purposes of the FTCA.

abrogate the states' Eleventh Amendment immunity when enacting § 1983. *See Ellis*, 163 F.3d at 1196; *Ambus*, 995 F.2d at 994. Nor has the State of Oklahoma waived its Eleventh Amendment immunity. *See* Okla. Stat. tit. 51, § 152.1(B).

Accordingly, the district court correctly held that in light of the Eleventh Amendment, it lacked subject-matter jurisdiction to hear the claims against OKDHS. But the district court erred in dismissing those claims with prejudice. "In cases where the district court has determined that it lacks jurisdiction, dismissal of a claim must be without prejudice." *Albert v. Smith's Food & Drug Ctrs., Inc.*, 356 F.3d 1242, 1249 (10th Cir. 2004). Thus, we vacate the dismissal of the claims against OKDHS and direct the district court to dismiss those claims without prejudice.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

4